# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CARLOS GUTIERREZ,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | Criminal No. 98-279(8) (JRT/AJB)<br>Civil No. 05-251 (JRT)<br><br>**ORDER DENYING<br>§ 2255 PETITION** |

Carlos Gutierrez, #30922-198, Federal Correctional Institution, P.O. Box 5300, Adelanto, CA 92301, petitioner *pro se*.

Alison E. VanderVort and Nathan P. Petterson, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner Carlos Gutierrez was found guilty of conspiracy to possess with intent to distribute more than five kilograms of cocaine, conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, possession with intent to distribute approximately 5.9 kilograms of cocaine, and possession with intent to distribute approximately 443 grams of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A), 841(a)(1), 841(b)(1)(B), 846 and 18 U.S.C. § 2 and was sentenced to 360 months imprisonment. Gutierrez's conviction and sentence were affirmed by the Eighth Circuit Court of Appeals on May 4, 2004. Rodriguez timely filed a motion to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255, seeking relief under *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005).[1]  This Court has determined that the rule announced in *Blakely* and *Booker* does not apply retroactively to matters on collateral review.  *See Rodriguez v. United States*, Crim. No. 00-276 (JRT) (D. Minn. March 8, 2005).  Accordingly, petitioner's motion for relief pursuant to § 2255 cannot be granted on the basis of *Blakely* and *Booker*.  However, as the question of whether *Blakely* and *Booker* apply retroactively to cases on collateral review has not yet been addressed in this circuit, the Court grants a certificate of appealability with respect to this question.  *See* 28 U.S.C. § 2253.

**ORDER**

Based on the foregoing, and all of the records, files and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Petitioner's Motion to Vacate under 28 U.S.C. 2255  [Docket No. 378] is **DENIED**.

2.     Petitioner's Motion to Stay the § 2255 Proceedings [Docket No. 379] is **DENIED as moot**.

3.     The Court **GRANTS** a certificate of appealability with respect to the question of whether *Blakely* and *Booker* apply retroactively to cases on collateral review.

---

[1] Petitioner subsequently filed a motion to stay consideration of the § 2255 petition pending submission of a supporting memorandum.  As the Court has conclusively decided that the grounds for relief asserted by petitioner are not available to him for procedural reasons, no additional briefing is necessary and the Court will deny the motion as moot.

- 3 -

**IT IS FURTHER ORDERED** that Petitioner's Motion to Correct Clerical Mistake and/or Clarification of Record [Docket No. 382] is **GRANTED**.[2]

The Clerk of Court is respectfully directed to mail a copy of this Order to the petitioner.

DATED:  June 10, 2005                    s/ John R. Tunheim         _
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                               United States District Judge

---

[2] Documents related to criminal case 97-124(9), *United States v. Carlos Gutierrez*, were mistakenly docketed in this case file and mailed to petitioner in this case.  The docket has been corrected, and the mistake has no impact on the status of this case.