UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                                         Criminal No. 98-279(8) (JRT/AJB)

            Plaintiff,

v.                             **MEMORANDUM OPINION AND ORDER**
                                                      **GRANTING MOTION FOR**
CARLOS GUTIERREZ,                  **COMPASSIONATE RELEASE**

            Defendant.

---

Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis MN 55415, for Plaintiff.

Brian N. Toder, **CHESTNUT CAMBRONNE PA**, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401, for Defendant.

Defendant Carlos Gutierrez filed a motion seeking compassionate release to home detention under the First Step Act, 18 U.S.C. § 3852(c)(1)(A). The United States initially opposed the Motion because Gutierrez had not yet exhausted his administrative remedies with the Bureau of Prisons ("BOP"); Gutierrez has since exhausted those remedies. The Court will therefore grant Gutierrez's motion and will order him to be released from prison to serve a sentence of two years home detention as a substitute for imprisonment, followed by the five-year term of supervised release to which he was initially sentenced.

**BACKGROUND**

Gutierrez is a 54-year-old man currently incarcerated at the Federal Correction Institute Terminal Island ("Terminal Island").  In 2003, Gutierrez was sentenced to 360 months imprisonment followed by a five-year term of supervised release after a jury found him guilty of various methamphetamine and cocaine related crimes.  *United States v. Gutierrez*, 367 F.3d 733, 735 (8th Cir. 2004).   He is currently set to be released in September 2026.  BOP Inmate Locator, https://www.bop.gov/inmateloc/.

On May 22, 2020, Gutierrez filed a request with BOP for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A) due to his failing health,[1] and the COVID-19 outbreak at Terminal Island.  (Decl. of Brian N. Toder ("Toder Decl.") ¶¶ 3–5, Exs. 1–3, June 11, 2020, Docket No. 393.) The BOP has taken no action on Gutierrez's request.

In anticipation of this outcome, Gutierrez filed a motion with the Court seeking relief just the same on June 11, 2020.  (Mot. to Reduce Sentence, June 11, 2020, Docket No. 391.)  The United States agreed that Gutierrez should be released, but opposed the motion to the extent 30 days had not passed since Gutierrez's filed his May 22, 2020 administrative request, and thus argued that Gutierrez's motion should be denied or

---

[1] Since his incarceration nearly two decades ago, Gutierrez's health has declined significantly;  at age 54, he uses a rolling walker to ambulate, has difficulty breathing due to past bouts with pneumonia exacerbated by a recent bout with COVID-19, and is beset by chronic back pain and nerve ailments.  (Toder Decl. ¶ 5, Ex. 3 at 1–10, 100.)

stayed for failing to meet the exhaustion requirements set out in 18 U.S.C. § 3582(c)(1)(A). (Gov't Response to Mot., June 16, 2020, Docket No. 396.)

## DISCUSSION

The First Step Act, passed in December 2018, amended the procedure for compassionate release.  See First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat. 5194, 5239.  The new law allows defendants, in addition to the Bureau of Prisons ("BOP"), to move for compassionate release.  *Id.*; 18 U.S.C. § 3582(c)(1)(A).  However, a defendant may only bring such a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Once remedies are exhausted, the Court may reduce the defendant's sentence after considering the "factors set forth in section 3553(a) to the extent they are applicable" if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

As of June 22, 2020, Gutierrez has exhausted his administrative remedies and his motion is ripe for consideration.  The parties do not dispute that Gutierrez's motion should be granted.  The Court agrees and finds that Gutierrez's failing health along with the COVID-19 pandemic ravaging Terminal Island present extraordinary and compelling

reasons to reduce Gutierrez's sentence,[2] and that such a reduction is consistent with policy statements issued by the Sentencing Commission.[3]

Having found the perquisite factors met, the Court must consider the § 3553(a) sentencing factors to the extent that they are applicable. On review, the Court finds that the applicable factors also weigh in favor of compassionate release. Gutierrez was convicted of a non-violent drug related crime. The parties do not dispute that Gutierrez has been a model prisoner since he began his incarceration nearly 20 years ago. 18 U.S.C. § 3553(a)(1). Moreover, "the need for the sentence imposed . . . to provide the defendant with . . . medical care . . . in the most effective manner," is best met here with medical care outside the prison system. 18 U.S.C. § 3553(a)(2)(D); *see, e.g., Burrill*, 2020 WL 1846788, at *3 (finding a chronically ill prisoner at FPC Duluth "unlikely to be able to get the medical care he needs in the midst of an ongoing pandemic.")

---

[2] The Court need not pontificate on how extraordinary and compelling the circumstances created by the COVID-19 pandemic are. As other courts have noted, "the COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation" and "presents a heightened risk for incarcerated defendants" with respiratory and other conditions and hinders the ability of BOP to provide adequate care for all inmates. *United States v. Hernandez*, No. 18 CR. 834-04 (PAE), 2020 WL 1684062, at *3 (S.D.N.Y. Apr. 2, 2020). At least nine prisoners have died as a result of COVID-19 at Terminal Island. Richard Winton, *Inmate labeled as 'recovered' from coronavirus dies at Terminal Island*, L.A. Times, May 28, 2020, https://www.latimes.com/california/story/2020-05-28/ninth-inmate-dies-coronavirus-terminal-island-prison.

[3] Gutierrez's severe health issues have, according to the United States, substantially diminished Gutierrez's ability to care for himself within the prison environment. *See* USSG § 1B1.13, cmt. n.1(A)(ii). The United States also does not expect Gutierrez to recover from his health issues.

When a court grants a sentence reduction, it "may impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). In doing so, the court may modify an existing term of supervised release to add a period of home detention, only if it finds that home detention is a "substitute for imprisonment." U.S.S.G. § 5F1.2; see 18 U.S.C. § 3583(e)(2) (providing that the court may "extend a term of supervised release if less than the maximum authorized term was previously imposed" and "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release").

The Court finds home detention is a substitute for imprisonment in this case. *See, e.g., Alvarado*, 2020 WL 3041504, at *2 (D. Minn. May 27, 2020) (finding home detention was a substitute for imprisonment satisfying the § 3553(a) factors). The Court therefore orders Gutierrez's release from custody and requires him to serve two years of home detention as a condition of his supervised release, followed by the five years of supervised release to which he was originally sentenced.

**ORDER**

Based on the foregoing and on all the files, records, and proceedings herein, Gutierrez's Motion for Sentence Reduction under 18 U.S.C. § 3582 [Docket No. 391] is **GRANTED**. Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court reduces Gutierrez's term of incarceration such that he is released from the custody of the Bureau of Prisons;

2. Gutierrez shall serve a two-year term of supervised release with the special condition that Gutierrez shall be subject to home confinement.

3. This term of home confinement will be followed by the five-year term of supervised release imposed in the original sentence.

4. The offender shall refrain from any unlawful use of a controlled substance. The offender shall submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

5. The BOP is directed to release Gutierrez to home detention on Thursday, July 9, 2020 at 2:00p.m. Pacific Daylight Time. The United States shall serve a copy of this order on the Warden at FCI Terminal Island immediately.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  July 8, 2020  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court